No. 240
BRADLEY v. CLEVELAND RY. CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4898.   Decided Feb. 18, 1924

1115. STREET RAILWAYS—Verdict for street railway upon conflcting evidence as to premature starting of car while passenger was alighting or falling after alighting, was sustained.

529. NEGLIGENCE—Statement in charge to jury that if "want of ordinary care contributtd to injury," etc., held not injection of contributory negligence.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

Catherine Bradley brought an action against the Cleveland Railway for injuries resulting to her, as she claimed, by reason of a street car upon which she was riding as a passenger starting after it had come to a full stop while she was seeking to alight. The plaintiff offered evidence in support of her contention, but the Railway Company offered evidence tending to show that plaintiff fell after she had alighted and gone some distance from the car. The jury returned a verdict for the defendant, whereupon platintiff prosecuted error. Errors assigned were that the verdict was manifestly against the weight of evidence and that the court erred in its charge in that it charged the doctrine of contributory negligence while as a matter of fact contributory negligence was not pleaded in the answer nor was it introduced in this case by the evidence. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The verdict was not manifestly against the weight of the evidence.

2. Although the court in its charge used the phrase, "If her want of ordinary care contributed to the injury she would not be entitled to recover," taking the whole charge together the doctrine of contributory negligence was not injected into the lawsuit, as the court is merely stating that the plaintiff must use ordinary care.

Attorneys—L. A. Appleton and Tim Long, for Bradley; Squire, Sanders & Dempsey, Cleveland, for Railway Co.